UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                  Case No. 6:17-cv-757-Orl-37DCI

PETRO MANAGEMENT, INC.; PH &
NJ LIMITED LIABILITY COMPANY; S
& S FERRARA III, INC.; and NANCY
VO,

    Defendants.

---

**ORDER**

In the instant action, Plaintiff has filed suit against multiple Defendants for multiple violations of the Americans with Disabilities Act ("**ADA**"). (Doc. 1 ("**Complaint**").) According to the Complaint, the alleged violations occurred at a shopping plaza identified as "Malabar Plaza," located at 1200 Malabar Road, Palm Bay, FL 32907. (*Id.*) Although each Defendant is alleged to "own, lease, lease to, or operate" distinct properties at this location, Plaintiff collectively refers to Defendants as a single entity that is responsible for parking lot violations, restroom violations, and unspecified violations concerning inaccessible features, goods, services, and facilities. (*Id.*)

As an initial matter, the Court takes judicial notice of the Orders issued in *Kennedy v. Skyview Plaza, LLC*, Case No. 6:16-cv-2128-Orl-22KRS (Docs. 25, 29) and *Kennedy v. IMDAD Haider IRA, LLC*, Case No. 6:17-cv-454-Orl-31KRS (Docs. 6, 23, 25)—ADA cases also filed by Plaintiff. Importantly, these Orders apprise Plaintiff of the improper joinder

of defendants who lease separate property in a common location, where each property is alleged to contain separate violations. Despite such warning, Plaintiff continues to file complaints that fail to clearly delineate which violations are attributed to which Defendants. *See, e.g.*, *Kennedy v. Palm Harbor Assoc. Inc.*, Case No. 6:17-cv-734-Orl-37KRS (Doc. 1). Plaintiff's present Complaint also fails to differentiate the specific location of the alleged restroom violations within Malabar Plaza. (Doc. 1, p. 5.) The same is true of the alleged violations referencing inaccessible features, goods, services, and facilities (*id.* at 4)—a vague description that is also wholly improper.

The foregoing practice constitutes a form of shotgun pleading, as Plaintiff asserts "multiple [violations] against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to each Defendant and, in turn, fails to give Defendants adequate notice of the relevant violations asserted against them. *See id.*

Plaintiff has demonstrated a propensity for filing complaints that constitute impermissible shotgun pleadings and are non-compliant with the joinder rules set forth by the Federal Rules of Civil Procedure. This practice is unacceptable and requires dismissal. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If Plaintiff chooses to replead, any amended complaint must clearly distinguish which factual allegations are relevant to each Defendant and the basis for any asserted joint liability. Plaintiff is

forewarned that continued filings with the same deficiencies will result in summary dismissal without further notice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Wednesday, **May 17, 2017**, Plaintiff may file an amended complaint that corrects the faults identified in this Order. Failure to timely amend **will** result in dismissal with prejudice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 3, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record